UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY H WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00139-JPH-MG ) |
| WILEY, et al., | ) ) |
| Defendants. | ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Interested Party. | ) ) |

**ORDER GRANTING INDIVIDUAL DEFENDANTS' UNOPPOSED MOTION TO DISMISS AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Anthony H. Williams, who was an inmate at the Terre Haute United States Penitentiary ("USP – Terre Haute"), filed this case alleging that Defendants deprived him of his Eighth Amendment right against cruel and unusual punishment. Specifically, Plaintiff contends that Defendants provided him defective bedding and deficient medical care, resulting in a fungal growth on his face. Plaintiff seeks only compensatory damages.

Lieutenant Wiley, Nurse Durr, Correctional Officer Shotts, Correctional Officer Lustro, and Unit Manager Cranford (collectively, the "Individual Defendants") have moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that an award of damages in this case would represent an unwarranted expansion of remedies available under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388

1

(1971). For the reasons discussed below, the Defendants' motion, dkt. [33], is **granted**.

## I. Factual and Procedural Background

Plaintiff's complaint alleges that he did not receive a mattress or towel upon his arrival at USP-Terre Haute. Dkt. 1 at 3. Rather, he received part of a used mattress made of exposed raw cotton. *Id.* He experienced itching on his face, which worsened when he began using a sock to wash and dry his face because he had no towel. *Id.* He developed a large fungal growth on his face. *Id.*

The Court screened Plaintiff's complaint and allowed FTCA claims against the United States and Eighth Amendment deliberate indifference claims against the Individual Defendants to proceed, while dismissing the FTCA and conditions-of-confinement claims against the Individual Defendants. *See* dkt. 16 at 6-7. The Court noted that nothing in its order prohibited the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. *Id.* at 8. The Individual Defendants subsequently filed a motion to dismiss. Dkt. 33. Plaintiff did not respond.

## II. Discussion

### A. Standard for a Rule 12(b)(6) Motion

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court

2

must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

### B. Availability of Damages in Federal Civil Rights Actions

There is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi*, 582 U.S. 120 (2017). But fifty years ago, the Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 397. That implied authority was subsequently extended twice: first, to actions alleging gender discrimination in federal employment in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979); and second, to actions alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980).

These "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 582 U.S. at 131. In the past four decades, the Court has declined to create any new contexts for *Bivens* claims. *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022) (listing cases). Expanding *Bivens* to a new context is a "disfavored judicial activity." *Ziglar*, 582 U.S. at 135.

To determine whether a *Bivens* remedy is available to a plaintiff suing a federal actor, the Court makes a two-step inquiry. First, it asks whether the claim presents a new *Bivens* context by determining whether "the case is different in a

meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Ziglar*, 582 U.S. at 139. Second, if the claim presents a new *Bivens* context, the Court then asks whether there are any special factors that counsel hesitation about extending a damages remedy to the new context. *Egbert*, 142 S. Ct. at 1803.

In applying the second factor, a district court "faces only one question: whether there is *any* rational reason (even one) to think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1805 (emphasis in original) (cleaned up). Additionally, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id.* at 1804 (quoting *Ziglar*, 582 U.S. at 137). And this is true even if the individual plaintiff alleges he does not have access to the alternative remedy. *Id.* at 1807 ("whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts").

### C. Application of *Ziglar* and *Egbert* to Plaintiff's Eighth Amendment Claims

The Individual Defendants argue that Plaintiff's medical deliberate indifference claims present a new *Bivens* context because the closest case, *Carlson*, involved "grave negligence leading to a medical emergency that was in its turn ignored and consequently led to the patient's death." Dkt. 34 at 8; *see Carlson*, 446 U.S. at 16 n.1. They contend that this case is a new context because treatment for Plaintiff's fungal growth "did not cause him any alleged further

4

injury beyond pain and suffering" and because Plaintiff's situation allowed more opportunities to seek administrative and injunctive relief than the emergency in *Carlson* did. Dkt. 34 at 8–9. Plaintiff did not respond.

Under *Egbert*, a claim presents a "new context" if "there are potential special factors that previous *Bivens* cases did not consider." 596 U.S. at 492. Here, Plaintiff alleges that defective bedding and deficient medical care resulted in an itchy fungal growth. While *Carlson* is the closest *Bivens* case because it addressed medical care, it did not expressly address less emergent and non-life-threatening conditions. *See* 446 U.S. at 18–23. There are therefore "potential special factors" present here but not in *Carlson* because non-emergent conditions allow the opportunity to pursue other remedies. *See Egbert*, 596 U.S. at 493 ("If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action."). Plaintiff's claims therefore present a new *Bivens* context. *See Washington v. Fed. Bureau of Prisons*, No. 5:16-3913-BHH, 2022 WL 3701577, at *5 (D.S.C. Aug. 26, 2022) (holding that prisoner's claim that officials failed to adequately treat his blindness, which allegedly accelerated vision loss and caused persistent pain, was a new *Bivens* context distinguishable from *Carlson* because it concerned "a long term and ongoing course of medical treatment of Plaintiff's chronic, non-fatal condition"); *Prucha v. Watson*, 672 F. Supp. 3d 642, 650, 2023 WL 3267993 (S.D. Ind. May 5, 2023) (holding that alleged failure to accommodate hearing disability was a new *Bivens* context).

Because Plaintiff's claims present a new *Bivens* context, it may not proceed if there are special factors that "counsel hesitation" in creating a damages action. *Egbert*, 596 U.S. at 493. This leads "to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* Here, the Bureau of Prison's administrative remedy process, 28 C.F.R. § 542.10 *et seq.*, provides inmates with the ability to seek formal review of any complaint related to the conditions of their confinement. Additionally, in *Ziglar*, the Supreme Court recognized the availability of injunctive relief to address conditions-of-confinement claims such as Plaintiff's. 582 U.S. at 144. To the extent injunctive relief cannot make Plaintiff whole for his past injuries, the Court reiterates that the Federal Tort Claims Act allows recovery of damages against the United States under certain circumstances when federal agents, including prison officials, commit a state-law tort against an inmate. In other words, consistent with *Ziglar* and *Egbert*, the Court concludes that Congress has established alternative remedial structures for claims such as Plaintiff's, such that expansion of a *Bivens* remedy in this context would be inappropriate. *See Egbert*, 596 U.S. at 493 ("If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action.").

### III. Conclusion

The Individual Defendants' unopposed motion to dismiss, dkt. [33], is **granted**. The **clerk is directed** to terminate Lieutenant Wiley, Lieutenant

Sharon;[1] Nurse Durr, Correctional Officer Shotts, Correctional Officer Lustro, and Unit Manager Cranford as defendants on the docket.

This matter shall continue to proceed against the United States on Plaintiff's FTCA claims. No partial judgment shall issue.

**SO ORDERED.**

Date: 9/9/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ANTHONY H WILLIAMS
13408-089
Parson's House
2930 N. 25th Street
Milwaukee, WI 53206

---

[1] The Individual Defendants state in their brief that the BOP cannot identify any individual by this name. Nevertheless, any *Bivens* claims against this unknown individual are dismissed for the same reasons explained above.